**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY STEVENS, | ) Case No. CV 10-8042-SP |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION AND** |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) **ORDER** |
| Defendant. | ) |

**I.**

**INTRODUCTION**

On October 28, 2010, plaintiff Gary Stevens filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of supplemental security income ("SSI") benefits. Docket No. 3.

On May 5, 2011, defendant filed his answer, along with a certified copy of the administrative record. Docket Nos. 15, 16.

On April 15, 2011, this matter was transferred to the calender of the undersigned Magistrate Judge. Docket No. 12. Both plaintiff and defendant subsequently consented to proceed for all purposes before the Magistrate Judge

pursuant to 28 U.S.C. § 636(c). Docket Nos. 13, 17.

Pursuant to an October 29, 2010 case management order, the parties submitted a detailed, 19-page joint stipulation for decision on July 7, 2011. Docket No. 19. The court deems the matter suitable for adjudication without oral argument.

In sum, having carefully studied, inter alia, the parties' joint stipulation and the administrative record, the court concludes that, as detailed herein, the Administrate Law Judge ("ALJ") failed to properly assess the medical opinion of plaintiff's consultative examining physician. Also, the ALJ failed to meet the Commissioner's step five burden to demonstrate that plaintiff can perform other jobs in the regional and national economy. Therefore, the court remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was 49 years old on the date of his October 29, 2009 administrative hearing, has a high school education and two years of college. *See* Administrative Record ("AR") at 7, 12. His past relevant work includes employment as a nurse's aide, claims examiner, personnel scheduler, and telemarketer. *Id.* at 27-28, 135.

On September 17, 2008, plaintiff filed an application for SSI, alleging that he has been disabled since August 25, 2008 due to neuropathy in his legs, arthritis, hypertension, kidney problems, and cholesterol problems. *See* AR at 38, 55, 115-17. Plaintiff's application was denied initially and upon reconsideration, after which he filed a request for a hearing. *Id.* at 33, 34, 51-54, 55, 56-58, 60, 85-87.

On October 29, 2009, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. AR at 7-27. The ALJ also heard testimony from Heidi Paul, a vocational expert ("VE"). *Id.* at 27-31.

On November 17, 2009, the ALJ denied plaintiff's request for benefits. AR at

38-47. Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff has not engaged in substantial gainful activity since his alleged onset date of disability. *Id.* at 40.

At step two, the ALJ found that plaintiff suffers from severe impairments consisting of "diabetic neuropathy, degenerative joint disease, status post fracture of the left femur, posterior cortical cataract of both eyes, hypertension, hyperlipidemia, obesity and depression." AR at 40 (emphasis omitted).

At step three, the ALJ determined that the evidence does not demonstrate that plaintiff's impairments, either individually or in combination, meet or medically equal the severity of any listing set forth in the Social Security regulations.[1] AR at 40.

The ALJ then assessed plaintiff's residual functional capacity ("RFC")[2] and determined that he can perform sedentary work with the following limitations: "lift and carry 20 pounds occasionally and 10 pounds frequently;" "stand and walk 2 hours out of an 8 hour day;" "sit 6 hours out of an 8 hour day;" "no climbing of ladders; no pushing/pulling of the left lower extremity; no more than occasional climbing of stairs, balancing, stooping, kneeling, crouching or crawling; a very limited field of vision in the left eye; avoidance of concentrated exposure to environmental hazards; and work involving simple instructions and simple decisions." AR at 42 (emphasis omitted).

The ALJ found, at step four, that plaintiff is unable to perform any past

---

[1] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[2] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

relevant work. AR at 45.

At step five, based upon plaintiff's vocational factors and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform." AR at 46 (emphasis omitted). Thus, the ALJ concluded that plaintiff was not suffering from a disability as defined by the Social Security Act. *Id.* at 38, 47.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. AR at 1-3, 4. The ALJ's decision stands as the final decision of the Commissioner.

## III.

## **STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d

at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.
## ISSUES PRESENTED

Three disputed issues are presented for decision here:

(1) whether the ALJ properly determined plaintiff capable of performing work as an order clerk, food and beverage, and charge account clerk;

(2) whether the ALJ provided a complete and accurate assessment of plaintiff's RFC; and

(3) whether the ALJ posed incomplete hypothetical questions to the VE.[3/] Joint Stipulation ("JS") at 2, 3-6, 6-10, 10-11, 11-13, 13-15, 15, 15-17, 17-18, 18.

## V.
## DISCUSSION

### A.    The ALJ Erred at Step Five

Plaintiff asserts that the jobs specified by the VE, which the ALJ found plaintiff capable of performing, are inconsistent with plaintiff's assessed mental RFC limitations. *See* JS at 3, 5. This court agrees. Notably, plaintiff's RFC restricted him to "work involving simple instructions and simple decisions." AR at 42. The jobs specified by the VE – order clerk, food and beverage, and charge account clerk – are inconsistent with those limitations. *Id.* at 29-30. The ALJ failed to meet the Commissioner's step five burden to prove that plaintiff can perform other jobs in the national economy.

---

[3/]   Given the court's findings on the first two issues, the court does not reach the third issue in its Discussion section below, although does address the issue in Section VI concerning remand.

1.     The ALJ's Step Five Burden

At step five, the burden shifts to the Commissioner to show that the claimant retains the ability to perform other gainful activity. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can perform, given his or her age, education, work experience, and RFC. 20 C.F.R. § 416.912(g).

ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") "in evaluating whether the claimant is able to perform other work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); *see also* 20 C.F.R. § 416.966(d)(1) (DOT is source of reliable job information). The DOT is the rebuttable presumptive authority on job classifications. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefor. *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling ("SSR") 00-4p).[4] But failure to so inquire can be deemed harmless error where there is no apparent conflict or the VE provides sufficient support to justify deviation from the DOT. *Massachi*, 486 F.3d at 1154 n.19. In order for an ALJ to accept a VE's testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation." *Massachi*, 486 at 1153 (citing *Johnson*, 60 F.3d at 1435). Evidence sufficient to permit such a deviation

---

[4] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the SSA. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001) (internal citations omitted).

may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997) (citations omitted).

### 2. The ALJ Failed to Obtain An Explanation or Persuasive Evidence to Justify the VE's Deviation from the DOT

In this case, the ALJ made no inquiries as to whether there was a conflict between the VE's testimony and the DOT. *See generally* AR at 29-30. The reasoning level requirement of the two jobs specified by the VE are plainly inconsistent with plaintiff's mental RFC limitations and no explanation was provided by the VE for the deviation from the DOT. *Id.*

Defendant argues that plaintiff's mental limitation is, in fact, consistent with the jobs' reasoning level by pointing to the jobs' Specific Vocational Preparedness ("SVP") scores listed in the DOT. JS at 7. Defendant contends that the two jobs are considered unskilled jobs under the DOT's SVP scores, and that because the job duties would be simple ones, the reasoning required to perform those jobs must necessarily be simple as well and, thus, not in conflict with the ALJ's "simple instructions and simple decisions" functional limitation. *Id.* This court disagrees.

"SVP ratings speak to the issue of the level of vocational preparation necessary to perform the job, not directly to the issue of a job's simplicity . . . ." *Meissl v. Barnhart*, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005) (quotation marks and citation omitted).

> A job's SVP is focused on "the amount of lapsed time" it takes for a typical worker to learn the job's duties. DOT at 1009. A job's reasoning level, by contrast, gauges the minimal ability a worker needs to complete the job's tasks themselves.

*Id.* Thus, to determine the job's simplicity and the reasoning level required, one should look to the General Educational Development ("GED") reasoning level ratings for the job listed in the DOT. *Id.*

1    A review of the reasoning level associated with the two jobs the VE identified
2 – order clerk, food and beverage, and charge account clerk – supports the conclusion
3 that there is an apparent conflict in this case.  The VE testified at the hearing that a
4 hypothetical person with plaintiff's RFC could perform the jobs of order clerk, food
5 and beverage (DOT No. 209.567-014) and charge-account clerk (DOT No. 205.367-
6 014).  AR at 29-30.  The DOT classifies both of these jobs as requiring a reasoning
7 development level 3.  *See* DOT No. 209.567-014; DOT No. 205.367-014.  A level 3
8 reasoning development score assumes a person can "[a]pply commonsense
9 understanding to carry out instructions furnished in written, oral or diagrammatic
10 form [and] [d]eal with problems involving several concrete variables in or from
11 standardized situations."  *See* DOT, app. C.  On its face, the description of this
12 reasoning development level is inconsistent with an individual limited to simple
13 instructions and simple decisions.  The ability to deal with problems involving
14 multiple variables appears inconsistent with a limitation to "simple instructions and
15 simple decisions."  Additionally, it may be difficult for a person limited to "simple
16 instructions" to follow instructions in "diagrammatic form," as such instructions can
17 be abstract.

18    There is no information in the record that resolves or even addresses this
19 apparent conflict.  The Commissioner attempts to argue that persuasive evidence in
20 fact does exist to justify the deviation.  *See* JS at 7-10.  But the court's review is
21 limited to the reasons actually cited by the ALJ in his decision, specifically, in
22 finding that plaintiff is capable of performing other jobs in the national economy.
23 *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons
24 provided by the ALJ in the disability determination and may not affirm the ALJ on a
25 ground upon which he did not rely." (citation omitted)).  Accordingly, the ALJ did
26 not meet the Commissioner's step five burden to demonstrate that plaintiff can
27 perform other jobs in the national economy.

28    B.    <u>The ALJ Erred In Assessing Plaintiff's RFC</u>

1       Plaintiff asserts that the ALJ erred in determining his RFC by omitting his
2 alleged need for a cane to ambulate, as opined by consultative examining physician
3 Adrian D. Feinerman, M.D. ("Dr. Feinerman") (*see* AR at 276, 279, 280). JS at 11-
4 13.
5       In evaluating medical opinions, Ninth Circuit case law and Social Security
6 regulations distinguish among the opinions of three types of physicians: (1) those
7 who treat the claimant (treating physicians); (2) those who examine but do not treat
8 the claimant (examining physicians); and (3) those who neither examine nor treat the
9 claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.
10 1995, *as amended* April 9, 1996); *see also* 20 C.F.R. §§ 404.1527(d), 416.927(d)
11 (prescribing the respective weight to be given the opinion of treating sources and
12 examining sources). Where the treating physician's "opinion is not contradicted by
13 another doctor, it may be rejected only for 'clear and convincing' reasons." *Benton*
14 *ex. rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003); *see also Andrews*
15 *v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("While the ALJ may disregard the
16 opinion of a treating physician, whether or not controverted, the ALJ may reject an
17 *uncontroverted* opinion of a treating physician only for clear and convincing
18 reasons." (citation omitted)). Similarly, the uncontradicted opinion of a consultative
19 examiner may only be rejected for "clear and convincing" reasons. *Lester*, 81 F.3d
20 at 830.
21       In this case, based upon plaintiff's medical history, a physical examination on
22 October 20, 2008, and a review of the medical record (AR at 276-80), Dr. Feinerman
23 opined that plaintiff "requires a cane for ambulation." *Id.* at 279, 280. Dr.
24 Feinerman found that plaintiff "is unable to tandem walk, walk on heels or toes, hop
25 or squat due to left knee pain and weakness." *Id.* at 280. In Dr. Feinerman's
26 opinion, plaintiff requires the assistance of "a cane to take weight off of his left
27 lower extremity." *Id.* Because consultative examining physician Dr. Feinerman's
28 opinion was not contradicted by another doctor in the record before this court, the

ALJ was required to provide clear and convincing reasons for rejecting Dr. Feinerman's opinion. *See Lester*, 81 F.3d at 830.

Having carefully reviewed the record and the parties' joint stipulation, the court concludes that the ALJ's assessment of Dr. Feinerman's opinion was not legally sufficient for the ALJ to reject or disregard any portion of that opinion. Although the ALJ, in his decision, recited Dr. Feinerman's opinion (*see* AR at 44-45), he did not provide any reasons for disregarding the portion of Dr. Feinerman's opinion that plaintiff requires a cane to ambulate. *See generally id.* at 44-45. If anything, the ALJ seemed to accept Dr. Feinerman's opinion that plaintiff requires a cane (*see id.* at 44), but then inexplicably omitted this limitation from his assessment of plaintiff's RFC. The ALJ committed reversible error by failing to provide any reasons, let alone a clear and convincing one, for disregarding that portion of Dr. Feinerman's opinion. *See Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987, *as amended* Aug. 4, 1988) ("We find nothing in the ALJ's decision which indicates why [the treating physician's] medical findings, reports, and opinion were disregarded. Because the ALJ did not state reason based on substantial evidence, we reverse the decision to deny benefits.").

To the extent one might try to infer that the ALJ rejected Dr. Feinerman's opinion – that plaintiff requires a cane for ambulation – because "there [was] very little medical documentation of [plaintiff's] alleged hip and leg problems" (AR at 44), this assessment is impermissibly broad and conclusory and "does not achieve the level of specificity" required to justify his rejection. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (conclusory reason "does not achieve the level of specificity" required to justify an ALJ's rejection of a treating source's medical opinion); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (ALJ's rejection of treating physician's opinion on the ground that it was contrary to the clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed."); *Rodriguez v. Bowen*, 876 F. 2d 759, 762

1 (9th Cir. 1989) ("Merely to state that a medical opinion is not supported by enough
2 objective findings does not achieve the level of specificity our prior cases have
3 required, even when the objective factors are listed seriatim." (internal quotation
4 marks and citation omitted)). Accordingly, the ALJ erred in assessing plaintiff's
5 RFC by failing to properly assess Dr. Feinerman's opinion.

## VI.
## REMAND IS APPROPRIATE

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister*, 888 F.2d at 603. Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (decision whether to remand for further proceedings turns upon their likely utility). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, as set out above, remand is required because the ALJ erred in failing to either properly evaluate Dr. Feinerman's opinion regarding plaintiff's need for a cane to ambulate, or, if he accepted that opinion, to include it in the RFC. Remand is also appropriate because the ALJ erred in failing to obtain any explanation or persuasive evidence to justify the VE's deviation from the DOT. The court concludes that the ALJ therefore failed to meet its step five burden to demonstrate that plaintiff can perform other jobs in the national economy. On remand, the ALJ shall reassess the medical opinions in the record and provide sufficient reasons under the applicable legal standard for rejecting any portion of the medical opinions. If the ALJ finds that plaintiff does in fact require a cane for ambulation, then he should

incorporate this limitation into the RFC and into his hypothetical posed to the vocational expert at step five. The ALJ shall, at step five, with the assistance of a vocational expert, determine whether plaintiff can perform work existing in significant numbers in the regional and national economies. And, if applicable, the ALJ shall obtain an explanation or persuasive evidence to justify any deviation from the DOT by the vocational expert.

## VII.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

DATED: September 12, 2011

_____
HON. SHERI PYM
UNITED STATES MAGISTRATE JUDGE